UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8717 PA (AJRx) | Date | September 23, 2025 |
|---|---|---|---|
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

    Before the Court is a Complaint filed by plaintiff Hangzhou Yilin Techonolgy Research Co., Ltd. ("Plaintiff").  The Complaint asserts a single claim seeking review of the Trademark Trial and Appeal Board ("TTAB") decision cancelling Plaintiff's "ZEROLIQUID" trademark registration.  The Complaint names as defendants Zero Technologies, LLC ("Zero Technologies") and Kathi Vidal in her official capacity as Director of the United States Patent and Trademark Office ("USPTO") (collectively "Defendants").  According to the Complaint, Zero Technologies, which is the owner of the "ZEROWATER" trademark, petitioned the USPTO to cancel Plaintiff's ZEROWATER mark.  TTAB granted Zero Technologies petition to cancel in a decision dated July 14, 2025.

    The Complaint alleges that Plaintiff is a Chinese corporation with a principal place of business in China and that Zero Technologies is a Delaware limited liability company with a principal place of business in Trevose, Pennsylvania.[1/]  The Complaint alleges in conclusory fashion that Zero Technologies "has continuous and systematic contacts with this District, including sales of ZEROWATER products via nationwide retailers and online platforms that ship directly into California, sufficient to establish personal jurisdiction." (Compl. ¶ 6.)  In support of venue in the Central District of California, Plaintiff alleges the legal conclusion that venue is proper in this District "because a substantial part of the events giving rise to this action involve the marketing, sale, and consumer confusion of water filtration products in this District , and Defendant Zero Technologies directs business and derives substantial revenue from California consumers."  (Id. ¶ 5.)

    These conclusory allegations are insufficient to support venue or personal jurisdiction over Zero Technologies in the Central District of California ("Central District").  Cf. Costlow v.

---

    [1/]    Trevose, Pennsylvania is located in Bucks County, Pennsylvania, which is within the geographical boundaries of the United States District Court for the Eastern District of Pennsylvania.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8717 PA (AJRx) | Date | September 23, 2025 |
|---|---|---|---|
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); Johnson v. L., 19 F. Supp. 3d 1004, 1010 (S.D. Cal. 2014).  Because Plaintiff is not alleged to have a connection to the Central District, and the Complaint seeks only a review of TTAB's decision, Zero Technologies' alleged sales in the Central District do not appear to be sufficient to establish general or specific personal jurisdiction over Zero Technologies in the Central District for the claim asserted in the Complaint.  The only connection between Plaintiff's claim and the Central District appears to be Plaintiff's retention of counsel in the Central District.  Nor are Plaintiff's conclusory allegations of transactions occurring within the Central District, which appear to be of little or no relevance to the review of TTAB's decision, the sort of connection between Zero Technologies and the Central District to support the exercise of personal jurisdiction over Zero Technologies in this action. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S. Ct. 1473, 1478, 79 L. Ed. 790 (1984)).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284, 134 S. Ct. at 1121.  In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State" and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 284-85, 134 S. Ct. at 1122; see also id. at 285, 134 S. Ct. at 1122 ("[T]he plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); id. at 286, 134 S. Ct. at 1123 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties.  But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

      The Court orders Plaintiff to show cause why this action should not be dismissed without prejudice for lack of personal jurisdiction.  The Court additionally orders Plaintiff to show cause why venue is proper in the Central District of California (the "Central District"), and why this action should not be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania ("E.D. Pa.") or another district for the convenience of the parties and witnesses, and in the interest of justice.  See 28 U.S.C. §§ 1404, 1406.  Plaintiff's written response to the Order to Show Cause shall not exceed 15 pages.  All factual matters relied upon in the submission must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8717 PA (AJRx) | Date | September 23, 2025 |
|---|---|---|---|
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

1. Whether this action could have been brought in E.D. Pa.?

2. Whether this action could have been brought in any other United States District Court for a District other than the Central District, and if so, which District(s);

3. What contacts, if any, each of the parties has to the Central District, E.D. Pa., and any other District in which venue might be appropriate. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. What specific facts, if any, establish that a Court within the Central District possesses personal jurisdiction over Defendants;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to another proper venue;

7. The ease of access to sources of proof in each proper forum;

8. The expected difference in the cost of litigation in the Central District as compared to the E.D. Pa. and any other proper forum; and

9. Whether there are any alternative forums that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file its Response to this Order no later than October 7, 2025. Defendants may file a Response by the latter of either October 14, 2025 or 21 days after they are served with the Summons and Complaint. Failure to timely and adequately respond to this Order may, without further warning, result in the dismissal of this action without prejudice or transfer of this action.

IT IS SO ORDERED.