Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone: 714.754.6600
Facsimile: 714.754.6611

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805

[*COMPLETE LIST OF COUNSEL OF RECORD IN SIGNATURE BLOCK*]

*Attorneys for Defendant*
Zero Technologies, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HANGZHOU YILIN TECHNOLOGY RESEARCH CO., LTD.,

Plaintiff,

v.

ZERO TECHNOLOGIES, LLC and KATHI VIDAL, in her official capacity as Director of the United States Patent and Trademark Office,

Defendants.

Case No.: 2:25-cv-08717-PA-AJR

*Honorable Percy Anderson*

**DEFENDANT ZERO TECHNOLOGIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**

**Date:** October 5, 2026
**Time:** 1:30 p.m.
**Location:** First Street U.S. Courthouse, Los Angeles Courtroom 9A, 9th Floor

*[Filed concurrently with Notice and Application for Order to Show Cause; Declaration of Jared A. Brandyberry; and (Proposed) Order]*

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD FOR CIVIL CONTEMPT | 2 |
| III. | PERSONS ASSOCIATED WITH HANZHOU ARE VIOLATING THE PERMANENT INJUNCTION | 2 |
| A. | Xiang Zhou and an Amazon Seller Called "FunitricUUU" Were Associated with Hangzhou's Enjoined Water Filter Sales. | 4 |
| B. | The Water Filters Being Sold Under the VI Phases and Recogwood Brands Are the Same or Highly Similar Water Filters as the Enjoined ZeroLiquid Water Filters. | 4 |
| C. | Sales of Water Filters Incorporating ZeroWater's Trade Dress Under the VI Phases Brand or By Hangzhou Yisheng Technology Co., Ltd. Violate the Permanent Injunction. | 6 |
| D. | Sales of Water Filters Incorporating ZeroWater's Trade Dress Under the Recogwood Brand Violate the Permanent Injunction. | 9 |
| IV. | SALES MADE IN CONTEMPT ARE GROWING AND SIGNIFICANT | 10 |
| V. | THE COURT SHOULD ORDER MR. MURONG TO DICLOSE ANY KNOWN CURRENT OR FORMER REPRESENTATIVES OF HANGZHOU | 10 |
| VI. | SPECIFIC RELIEF REQUESTED | 12 |


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*FTC v. Affordable Media*,
179 F.3d 1228 (9th Cir. 1999) ........ 2

*Alcade v. NAC Real Est. Invs. & Assignments, Inc.*,
580 F. Supp. 2d 969 (C.D. Cal. 2008) ........ 2

*United States v. Horn (In re Horn)*,
976 F.2d 1314 (9th Cir.1992) ........ 11

*Panda Rest. Grp., Inc. v. Panda Chinese Fast Food Inc.*,
No. CV 17-8138 PA, 2018 WL 6177949 (C.D. Cal. Nov. 15, 2018) ........ 2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## I. INTRODUCTION

This Application is the result of Chinese knockoff artists attempting to skirt this Court's injunction. The Court should enter an order of contempt to end the overseas knockoff campaign and make clear that convenient, overseas corporate dissolutions and reorganizations cannot absolve violations of a duly issued injunction.

Defendant/Counterclaim Plaintiff Zero Technologies, LLC ("ZeroWater") respectfully applies to the Court for an Order to Show Cause for why those associated with Plaintiff Hangzhou Yilin Technology Research Co., Ltd. ("Hangzhou") should not be held in contempt of this Court's March 10, 2026, Order.

Among other things, the Court's March 10, 2026, Order permanently enjoined Hangzhou and persons associated with Hangzhou from selling in the United States water filters incorporating ZeroWater's trade dress. After the Court issued the permanent injunction, ZeroWater discovered that the individuals behind Hangzhou did not comply with this Court's injunction but instead began selling the exact or nearly the same water filters Hangzhou sold under two new brands: VI Phases and Recogwood.

As explained in this memorandum, officers or representatives of Hangzhou, or persons in active concert with Hangzhou, are behind the VI Phases and Recogwood brands. Their conduct in selling the same or highly similar water filters Hangzhou previously sold under the "ZeroLiquid" brand violates the permanent injunction. Accordingly, the Court should issue an Order to Show Cause for why the sales of water filters having ZeroWater's trade dress under the VI Phases and Recogwood brands do not amount to contempt of this Court's March 10, 2026 permanent injunction. Additionally, the Court should compel Hangzhou's counsel of record, Mr. Murong, to disclose any and all representatives of Hangzhou who (a) provided him any instructions concerning this action, (b) were asked to provide instructions concerning this action, (c) were asked to receive updates concerning this action, or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

(d) refused to provide instructions concerning this action.

## II. LEGAL STANDARD FOR CIVIL CONTEMPT

"Contempt proceedings are instituted by the issuance of an Order to Show Cause . . . why a contempt citation should not issue and a notice of a date for the hearing." *Panda Rest. Grp., Inc. v. Panda Chinese Fast Food Inc.*, No. CV 17-8138 PA (PJWx), 2018 WL 6177949, at *2 (C.D. Cal. Nov. 15, 2018) (quoting *Alcade v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008)).

For a court to hold a party in civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

## III. PERSONS ASSOCIATED WITH HANZHOU ARE VIOLATING THE PERMANENT INJUNCTION

On September 9, 2021, Hangzhou filed an application to register the word "ZeroLiquid" in connection with water filters and related goods, and the USPTO issued a trademark registration on October 11, 2022. Exhibit 1[1] (USPTO Trademark Status and Document Retrieval page for the ZeroLiquid registration). ZeroWater filed a Petition for Cancellation with the Trademark Trial and Appeal Board ("TTAB") of the USPTO on March 31, 2023, requesting that the TTAB cancel the ZeroLiquid mark based on a likelihood of confusion with ZeroWater's trademark rights. Exhibit 2 (Petition for Cancellation). The TTAB granted the petition on July 14, 2025, cancelling the ZeroLiquid mark. Exhibit 3 (TTAB cancellation opinion). Hangzhou appealed the TTAB decision by filing the complaint that initiated this action. Compl., Dkt. 1. Hangzhou defaulted after ZeroWater answered and counterclaimed, alleging, among other things, that Hangzhou's sales of ZeroLiquid water filters infringed ZeroWater's trademark and trade dress rights. Answer & Countercls., Dkt. 17.

[1] Exhibits to the Declaration of Jared Brandyberry.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

On March 10, 2026, the Court issued an amended permanent injunction, ordering as follows:

> ***Hangzhou***, ***its officers***, agents, servants, employees, ***representatives***, attorneys, their successors and assigns, and ***all other persons, firms, or corporations in active concert or participation with Hangzhou*** who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of Hangzhou, are ***permanently enjoined*** from importing, offering for sale, or advertising in the United States water filters for use in Zero Technologies' ZEROWATER water pitchers with Zero Technologies' trade tress comprising a white outer shell; a tiered, tapered body of the white outer shell; a lighter blue O-ring or seal on the upper attachment portion of the filter; and a darker blue screw-cap."

Am. J. and Permanent Inj., Dkt. 52, ¶ 4 (emphasis added). Sales of infringing water filters under the ZeroLiquid brand name ceased as the individuals behind Hanzhou moved assets (including water filters) to a new affiliated company on December 23, 2025. Exhibit 4 (Hangzhou registration information); Exhibit 5 (active ZeroLiquid storefronts on November 7, 2025); Exhibit 6 (inactive ZeroLiquid storefronts on December 7, 2025). Shortly thereafter, highly similar—and in some cases the exact same—infringing water filters began being sold under the brand names VI Phases and Recogwood. Exhibit 7 (active VI Phases and Recogwood storefronts on November 20, 2025).

As illustrated below, Hangzhou's officers, representatives, or persons in active concert or participation with Hangzhou—in any case, persons subject to the injunction—are behind the sales of enjoined water filters under the VI Phases and Recogwood brand names. This conduct amounts to contempt.

///

///



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**A. Xiang Zhou and an Amazon Seller Called "FunitricUUU" Were Associated with Hangzhou's Enjoined Water Filter Sales.**

During the cancellation proceeding, Hangzhou submitted the testimony of Xiang Zhou by declaration. Exhibit 8 (Zhou Declaration). Mr. Zhou testified that he was the General Manager of Hangzhou at the time of his declaration, which he signed on July 1, 2024. *Id.* ¶ 1. "As General Manager, [Mr. Zhou] manage[d] all sales and operation teams, as well as any ongoing day-to-day operations and decision-making for the company." *Id.* ¶ 4. Mr. Zhou is thus subject to this Court's injunction.

According to Amazon, on its seller pages, "[t]o find out who sells and fulfills an item, check the **Sold by** and **Ships from** information under the **Buy Now** button . . . Items sold by a third-party seller and Fulfilled by Amazon are displayed as: Sold by (Seller Name), Ships from Amazon." Exhibit 9 (Amazon webpage titled "Ordering from a Third-Party Seller"). While actively selling infringing ZeroLiquid-branded water filters, Hangzhou operated as a third-party seller on Amazon, with order fulfillment through Amazon. For example, two ZeroLiquid storefront webpage captures from November 7, 2025 are provided in Exhibit 5. The storefronts in Exhibit 5 are just a couple examples of Hangzhou's numerous Amazon storefronts through which it sold the infringing ZeroLiquid water filters. In Exhibit 5, under the title, there is a link to "Visit the zeroliquid Store" and, under the **Buy Now** button, the storefronts indicate the product "**Ships from** Amazon" and is "**Sold by** FunitricUUU." Accordingly, the person having the seller identity "FunitricUUU" was also subject to this Court's injunction.

**B. The Water Filters Being Sold Under the VI Phases and Recogwood Brands Are the Same or Highly Similar Water Filters as the Enjoined ZeroLiquid Water Filters.**

Shortly after the Clerk entered default for Hangzhou's failure to respond to ZeroWater's Counterclaims and the Court issued an Order to show cause why the Complaint should not be dismissed, sales of infringing, enjoined water filters through

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

the ZeroLiquid Amazon storefronts ceased. *Compare* Exhibit 5 (ZeroLiquid storefronts live and selling infringing water filters as of November 7, 2025) *with* Exhibit 6 (ZeroLiquid storefronts indicating water filters are unavailable as of December 7, 2025). Around the same time, ZeroWater noticed new brand names, VI Phases and Recogwood, selling what appeared to be the same water filters as the infringing ZeroLiquid water filters. *See, e.g.,* Exhibit 7 (new storefronts live as of November 20, 2025).

Counsel for ZeroWater purchased the infringing, enjoined ZeroLiquid water filters on September 16, 2025, and the VI Phases and Recogwood water filters on June 4, 2026, and took photographs of the product packaging and the filters themselves. Brandyberry Decl. ¶ 13. Exhibit 10 provides a side-by-side comparison of the ZeroLiquid, VI Phases, and Recogwood water filters, confirming that the water filters infringe ZeroWater's trade dress, and in the case of Recogwood, are the exact same filters.

As can be seen from the side-by-side product comparison, the ZeroLiquid, VI Phases, and Recogwood water filters arrive in the same white, bubble-wrap packaging to which the same sticker containing a large bar code; a product code beginning with "X00"; an abbreviated Amazon storefront title; and the words MADE IN CHINA centered in the same place at the bottom of the sticker. Exhibit 10 (chart comparing water filters side-by-side). The filters are enclosed in the same, sealed silver plastic bags, differing only in what is printed on the bags. *Id*. Each of the bags has a five-character alphanumeric code followed by the word PASS printed on one end of the bag. *Id*. The bottom of each filter has a single water outlet hole in the tapered white shell covered by a mostly clear plastic strip having a red pull-tab. *Id*. The top of each water filter includes an identical dark blue screw top having an arrow enclosing the word OPEN and identical markings. *Id*. Each filter has a lighter blue O-ring or seal adjacent the threading. *Id*. When the screw-top is removed, each filter has an identical mesh water inlet and white plastic grid. *Id*. The filters are the same





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

size, and each incorporates ZeroWater's trade dress comprising a white outer shell; a tiered, tapered body of the white outer shell; a lighter blue O-ring or seal on the upper attachment portion; and a darker blue screw-cap. *Id*.

In sum, a detailed comparison of the ZeroLiquid, VI Phases, and Recogwood water filters and their packaging and labeling reveals that the same people and businesses are behind all three brands.

### C. Sales of Water Filters Incorporating ZeroWater's Trade Dress Under the VI Phases Brand or By Hangzhou Yisheng Technology Co., Ltd. Violate the Permanent Injunction.

Around the time the Court first entered judgment in this action, the infringing water filters sold under the ZeroLiquid Amazon storefronts became unavailable for purchase. *See, e.g.,* Exhibit 6 (ZeroLiquid branded filters unavailable for purchase as of December 7, 2025). At the same time, ZeroWater noticed highly similar water filters being sold on newer Amazon storefronts under the "VI Phases" brand. Exhibit 7 at 10 (VI Phases storefront selling water filters as of November 20, 2025).

Exhibit 11 shows two Amazon storefronts selling infringing water filters under the VI Phases brand. Under the **Buy Now** button, the storefronts indicate the filters are **Sold by** VIPHASES. Exhibit 11. Clicking the VIPHASES link takes a user to a webpage titled Amazon.com Seller Profile: VIPHASES. Exhibit 12 (VIPHASES seller profile). This page displays Detailed Seller Information and lists a business name of "Hangzhou Zewo Trading Co., Ltd." *Id*. at 3. Consistently, a search of USPTO trademark records reveals three trademark applications for "VI PHASES." Exhibit 13 (Serial No. 97732196), Exhibit 14 (Serial No. 98343469), Exhibit 15 (Serial No. 99578433).

The earliest filed of the three VI PHASES trademark applications has Serial No. 97732196, covering a stylized VI PHASES for water filters and related goods. Exhibit 13. The attorney of record in the first application was counsel for Hangzhou in this action, Mr. Murong. *Id*. at 2. USPTO records indicate the owner of the



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

application was Hangzhou Zewo Trading Co., Ltd., which matches the Amazon storefronts now selling infringing water filters. *Id*. The USPTO terminated the application as a sanction as part of a widespread crackdown on fraudulent filings and the unauthorized practice of law. Exhibit 16 (Order for Sanctions pulled from the public record of Serial No. 97732196).

The second of the three VI PHASES trademark applications, Serial No. 98343469, covers VI PHASES for measuring cups. Exhibit 14. The application was originally owned by Hangzhou Zewo Trading Co., Ltd. but was assigned to Hangzhou Yisheng Technology Co., Ltd. on December 25, 2025, just two days after Hangzhou was dissolved. Exhibit 17. Notably, the representative who signed the assignment on behalf of assignee Hangzhou Yisheng Technology Co., Ltd. is Xiang Zhou—the same individual who submitted the declaration on Hangzhou's behalf in the ZEROLIQUID cancellation proceeding and who is subject to this Court's injunction. Exhibit 8 (Zhou Declaration), Exhibit 17 (Zhou assignment).

The third VI PHASES trademark application with Serial No. 99578433 was filed on January 5, 2026 covering water filters and related goods. Exhibit 15. The owner is listed as Hangzhou Yisheng Technology Co., Ltd., the company with whom Xiang Zhou is affiliated. *Id*.; *see also* Exhibit 17.

Further, Hangzhou filed a trademark application Serial No. 99438392 for ZEROLIQUID covering measuring cups and downloadable computer programs for recording water quality measurements on October 11, 2025. Exhibit 18. On October 22, 2025, Hangzhou assigned the application to Hangzhou Yisheng Technology Co., Ltd. Exhibit 19 (ZEROLIQUID trademark assignment). Xiang Zhou signed as the representative of both the assignor Hangzhou and the assignee Hangzhou Yisheng Technology Co., Ltd.:


ASSIGNOR:

Zhou, Xiang

Hangzhou Yilin Technology Research Co., Ltd.
Zhou, Xiang

ASSIGNEE:

Zhou Xiang

Hangzhou Yisheng Technology Co., Ltd.
Zhou, Xiang

*Id*. at 5. Hangzhou Yisheng Technology Co., Ltd. filed two more trademark applications for ZEROLIQUID marks: Serial No. 99456592, filed October 22, 2025, and Serial No. 99476947, filed November 3, 2025. Exhibit 20 (Serial No. 99456592), Exhibit 21 (Serial No. 99476947). ZeroWater filed petitions with the USPTO opposing all ZEROLIQUID trademark applications. *See* Exhibit 18 at 3; Exhibit 20 at 3; Exhibit 21 at 2-3. Notices of default were entered in all three oppositions because the applicant never responded. *See id*.

Mr. Zhou's status as an officer or representative of both Hangzhou and Hangzhou Yisheng Technology Co., Ltd., coupled with sales of the exact same infringing water filters on Amazon under the VI PHASES storefront along with renewed attempts at securing trademark rights in the highly similar mark "ZeroLiquid," indicates water filters sold under the VI PHASES brand are subject to this Court's injunction. The timeline of Mr. Zhou's assignments of rights to Hangzhou Yisheng Technology Co., Ltd., the appearance of infringing water filters being sold under VI PHASES storefronts, and the dissolution of Hangzhou indicate a coordinated attempt to avoid this Court's injunction via overseas corporate maneuvering.

The Court should find that continued sales of the infringing water filters—identical to the enjoined water filters—under the VI PHASES brand or by Hangzhou Yisheng Technology Co., Ltd. violate the injunction.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**D. Sales of Water Filters Incorporating ZeroWater's Trade Dress Under the Recogwood Brand Violate the Permanent Injunction.**

As described in *supra* Section III.A., Hangzhou operated numerous ZeroLiquid storefronts through which it sold the enjoined, infringing water filters, several of which listed the seller "FunitricUUU." Exhibit 5. The seller "FunitricUUU" was thus at least in active concert or participation with Hangzhou and subject to this Court's injunction.

When the infringing water filters sold under the ZeroLiquid Amazon storefronts became unavailable for purchase, ZeroWater observed water filters which appeared to be physically identical to the infringing, enjoined ZeroLiquid water filters being sold on newer Amazon storefronts under the "Recogwood" brand. Exhibit 7 at 1 (Recogwood storefront selling water filters as of November 20, 2025).

Exhibit 22 shows a Recogwood Amazon storefront selling water filters identical to the infringing, enjoined water filters. The storefront has a link immediately under the title with the text "Visit the Recogwood Store" and a table about the product listing the brand as "Recogwood." Exhibit 22.

The Recogwood storefront, under the **Buy Now** button, shows the product "**Ships from** Amazon" and is "**Sold by** FunitricUUU," indicating the person having the seller identity FunitricUUU is selling the Recogwood water filters on the Amazon platform, with orders being fulfilled by Amazon. Exhibit 22 (Recogwood storefront from February 6, 2026); *see also* Exhibit 9 (Amazon webpage titled "Ordering from a Third-Party Seller").

As discussed in *supra* Section III.A., Hangzhou sold the infringing, enjoined ZeroLiquid water filters through Amazon storefronts operated by FunitricUUU, making the person behind FunitricUUU, if not an officer, agent, employee, or representative of Hangzhou, at the very least a person in active concert or participation with Hangzhou and subject to the permanent injunction. The current

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

sales of identical water filters through Recogwood-branded storefronts also operated by FunitricUUU violates the injunction.

The Court should find that continued sales of the infringing water filters—which are identical to the enjoined water filters—under the Recogwood brand or through any Amazon storefront operated by FunitricUUU violate the injunction.

## IV. SALES MADE IN CONTEMPT ARE GROWING AND SIGNIFICANT

ZeroWater obtained data for water filter sales made under the Recogwood brand through Stackline, a third-party company providing transactional data from e-commerce activity, including sales on Amazon. Brandyberry Decl. ¶¶ 27-30. The Stackline data is included as Exhibit 23. The data reflects Recogwood filter sales from January through June 6, 2026. *Id*. Approximately $323,364 in sales were made over this period. *Id*. $58,024 in sales were made in January, $69,658 in sales were made in February, $59,952 in sales were made in March, $57,595 in sales were made in April, and $66,203 in sales were made in May. *Id*. This data does not include any sales made under the VI Phases brand. The sales of infringing water filters made in contempt of this Court's injunction continue to cause harm to ZeroWater.

## V. THE COURT SHOULD ORDER MR. MURONG TO DICLOSE ANY KNOWN CURRENT OR FORMER REPRESENTATIVES OF HANGZHOU

Shortly after it became apparent ZeroWater would appear in this action and defend its interests, at the risk of forever waiving all claims it might have against Hangzhou for its infringing sales of "ZeroLiquid" water filters, Hangzhou dissolved. *See* Exhibit 4. As explained above, however, the individuals behind Hangzhou quickly pivoted to selling infringing water filters under new brand names—conduct amounting to contempt.

Despite affirmatively filing this action on Hangzhou's behalf, as soon as ZeroWater appeared and asserted counterclaims, Mr. Murong indicated he had no authority to proceed in this action or take any position of any substance whatsoever



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

on ZeroWater's counterclaims. Exhibit 24. Specifically, Mr. Murong stated that he "was originally retained by Hangzhou to prosecute its affirmative claims" – filing an action in district court to appeal an adverse ruling at the Trademark Trial and Appeal Board – but that his "engagement did not include substantive representation concerning ZeroWater's counterclaims." *Id*. Mr. Murong recognized he remained counsel of record for Hangzhou. *Id*. Mr. Murong represented that he contacted a representative of Hangzhou but refused to disclose who specifically he contacted. *Id*. Mr. Murong reiterated his inability to take any substantive position whatsoever. *See id*.

Shortly after the meet and confer, Mr. Murong indicated he has no legal ability to enter the country, as his visa expired. *Id*. To date, Mr. Murong has never indicated he had an ability to enter the United States since he filed this action. Mr. Murong has refused to indicate how long he has been unable to travel to the United States—such as whether he was outside the United States and unable to enter the United States when he filed this action on behalf of Hangzhou.

The evidence indicates individuals behind the infringing and enjoined ZeroLiquid water filters are behind current sales of water filters under the Recogwood and VI Phases brands. To confirm the connection, the Court should compel Hangzhou's counsel of record, Mr. Murong, to disclose any and all representatives of Hangzhou who (a) provided him any instructions concerning this action, (b) were asked to provide instructions concerning this action, (c) were asked to receive updates concerning this action, or (d) refused to provide instructions concerning this action. Such information is not privileged. *See*, *e.g.*, *United States v. Horn (In re Horn)*, 976 F.2d 1314, 1317 (9th Cir.1992) ("[I] the identity of a client usually does not indicate the purpose for which legal advice was sought or reveal any subsequent confidential communications made during the course of the attorney-client relationship. Accordingly, the attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached

with that client…. [U]nprotected information does not become privileged merely because that information might provide evidence of a client's wrongdoing.”).

## VI. SPECIFIC RELIEF REQUESTED

The Court should find that the water filters being sold under the VI Phases and Recogwood brands infringe ZeroWater’s trade dress for the same reasons the highly similar and in some cases identical ZeroLiquid filters infringe ZeroWater’s trade dress. Additionally, the Court should find that Hangzhou’s officers, agents, servants, employees, representatives, attorneys, their successors and assigns, or persons, firms, or corporations in active concert or participation with Hangzhou are behind the sales of water filters under the VI Phases and Recogwood brands. Accordingly, the Court should issue an Order to show cause why the sales of water filters having ZeroWater’s trade dress under the VI Phases and Recogwood brands do not amount to contempt of this Court’s March 10, 2026 permanent injunction. The Court should further Order disgorgement of all infringing water-filter sales made under the Recogwood and VI Phases brands, in an amount to be proven.

Additionally, the Court should compel Hangzhou’s counsel of record, Mr. Murong, to disclose any and all representatives of Hangzhou who (a) provided him any instructions concerning this action, (b) were asked to provide instructions concerning this action, (c) were asked to receive updates concerning this action, or (d) refused to provide instructions concerning this action. Such information is not privileged.

Dated: September 4, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Jared A. Brandyberry*

Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com

BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone: 714.754.6600

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805

John S. Letchinger (*pro hac vice*)
jletchinger@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: 312.416.6200
Facsimile: 312.416.6201

Kevin P. Flynn (*pro hac vice*)
kflynn@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: 513.929.3400
Facsimile: 513.929.0303

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for ZeroWater, certifies that this brief contains 3,530 words, which complies with the word limit of L.R. 11-6.1, and further certifies that this brief is within the 25-page limit set by Judge Anderson.

Dated: September 4, 2026

*_/s/ Jared A. Brandyberry_*

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662

# CERTIFICATE OF SERVICE

***Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC et al.***
**Case No. 2:25-cv-08717-PA-AJR**

I, Shaia A. Stambuk, declare:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 600 Anton Blvd., Suite 900, Costa Mesa, California 92626-7221, in said County and State. On September 4, 2026, I served the following:

**DEFENDANT ZERO TECHNOLOGIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**

☑ BY NOTICE OF ELECTRONIC FILING: Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

Xionghui Murong
ben.murong@glacier.law
**Glacier Law LLP**
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
***Attorney for Plaintiff Hangzhou Yilin Technology Research Co., Ltd.***

I declare under penalty of perjury under the laws of the State of California the above is true and correct.

Executed on September 4, 2026, at Costa Mesa, California.

*/s/ Shaia A. Stambuk*
Shaia A. Stambuk

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA