# EXHIBIT 19

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

Assignment ID: TMI1358331

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Hangzhou Yilin Technology Research Co., Ltd. | | 10/22/2025 | limited company: CHINA |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Company Name:** | Hangzhou Yisheng Technology Co., Ltd. |
| **Street Address:** | Room 774, Yanke Pioneer Park, No. 309, Hongda Road, Qiaonan District, Economic and Technological Development Zone, Xiaoshan District |
| **City:** | Hangzhou, Zhejiang |
| **State/Country:** | CHINA |
| **Entity Type:** | limited company: CHINA |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number | Word Mark |
|---|---|---|
| **Serial Number:** | 99438392 | ZEROLIQUID |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 2167712323 |
| **Email:** | ipmind@yeah.net |
| **Correspondent Name:** | Xiang Zhou |
| **Address Line 1:** | Room 774, Yanke Pioneer Park, No. 309, Hongda Road, Qiaonan District, Economic and Technological Development Zone, Xiaoshan District |
| **Address Line 4:** | Hangzhou, Zhejiang, CHINA 20171 |

| | |
|---|---|
| **NAME OF SUBMITTER:** | lorea Chen |
| **SIGNATURE:** | /lorea Chen/ |
| **DATE SIGNED:** | 10/22/2025 |

**Total Attachments: 4**
source=ZEROLIQUID#page1.tiff
source=ZEROLIQUID#page2.tiff
source=ZEROLIQUID#page3.tiff
source=ZEROLIQUID#page4.tiff

OP $40.00 99438392

# TRADEMARK ASSIGNMENT AGREEMENT

This Agreement is entered into on this __22th___ day of __October__, 2025, by and between Hangzhou Yilin Technology Research Co., Ltd., with an address located at Room 2711, Bldg. 3, Xingao Business Center,No.598 Binhe Rd.,Binjiang Dist., Hangzhou, Zhejiang CHINA 310000. (hereinafter referred to as "Assignor"); and **Hangzhou Yisheng Technology Co., Ltd.**, with an address located at **Room 774, Yanke Pioneer Park, No. 309, Hongda Road, Qiaonan District, Economic and Technological Development Zone, Xiaoshan District, Hangzhou, Zhejiang CHINA** ( hereinafter referred to as "Assignee").

WHEREAS Assignor is the owner and user of the full right and title to the

ZEROLIQUID

Trademark Serial **No. 99438392** in the United States covering "Measuring cups; Downloadable virtual goods, namely, computer programs featuring water quality measurement records for use in online virtual worlds; Downloadable mobile applications for system management such as measurement registration and filter element usage cycle" in Class 9 (herein referred to herein as "the Mark").

AND WHEREAS Assignee desires to purchase full right, title and interest to the Above Trademark.

NOW, THEREFORE, in consideration of the above recitals, of the following terms and conditions, and of other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereby AGREE as follows:

## ASSIGNMENT

1. Subject to the terms and conditions of this Agreement, Assignor hereby grants to Assignee full right, title and interest to the ZEROLIQUID Trademark.

2. Assignee acknowledges and agrees that the rights granted to Assignee are total and constitute a full transfer of any and all of Assignor's rights in the Trademark.

3. The subject transfer is inclusive of the goodwill of the above mentioned mark(s) as well as the business concerned.

## INTELLECTUAL PROPERTY RIGHTS

4. Assignor hereafter recognizes all of Assignee's right, title and interest in and to the Mark and its associated intellectual property ("intellectual property") and Assignee's exclusive right to use and license the use of the intellectual property, and agrees not to claim any right, title or interest in the intellectual property except as permitted by this Agreement.

5. Assignor shall not contest or deny the validity or enforceability of the intellectual property of Assignor or oppose or seek to cancel any registration thereof by Assignee, or aid or abet others in doing so, either during the term of this Agreement or at any time thereafter.

6. Upon the execution of this agreement, Assignor shall take all necessary steps to record the assignment of the Mark with the United States Patent and Trademark Office.

7. Assignee shall, during the term of this Agreement and after termination hereof, execute such documents as Assignor may reasonably request from time to time to ensure that all right, title and interest in and to the Assigned Rights in the intellectual property resides with Assignee.

8. Assignor shall not at any time, whether during or after the term of this Agreement, do or cause to be done any act or thing challenging, contesting, impairing, invalidating, or tending to impair or invalidate any of Assignee's rights in the intellectual property or any registrations derived from such rights.

9. Assignor shall notify Assignee promptly of any infringement or unauthorized use of its intellectual property by others of which Assignor becomes aware. Assignee shall have the full right to bring any action on account of any such infringement or unauthorized use, and Assignor shall cooperate in a commercially reasonable manner, as requested, in connection with any such action brought by Assignee.

## RELEASE FROM LIABILITY AND INDEMNITY

10. Assignee agrees to indemnify, defend and hold Assignor harmless from any and all damages, losses, or expenses suffered or paid as a result of any third party infringement claims, demands, suits, causes of action, proceedings, awards, judgments, and liabilities (including costs and attorney fees) incurred in litigation, arbitration or otherwise assessed, incurred, or sustained by or against Assignor with respect to or arising out of Assignee's use of the Mark. Assignee's obligation to indemnify Assignor as set forth herein is subject to Assignee's receipt of commercially reasonable and prompt notice from Assignor of any event giving rise to Assignee's indemnity obligation.

## RELATIONSHIP BETWEEN ASSIGNOR AND ASSIGNEE

11. Assignor is not an agent, employee or legal representative of Assignee, nor does it have any other relationship with Assignee other than as an Assignor. Assignor does not have any authority to assume or create any obligation or responsibility on behalf of Assignee or bind Assignee in any manner, other than in accordance with the terms of this Agreement. Likewise, Assignee is not an agent, employee or legal representative of Assignor, nor does it have any other relationship with Assignor other than as Assignee. Assignee does not have any authority to assume or create any obligation or responsibility on behalf of Assignor or bind Assignor in any manner, other than in accordance with the terms of this Agreement.

## MODIFICATION

12. No waiver or modification of this Agreement or any covenant, condition or limitation herein shall be valid unless in writing and signed by both parties.

## SEVERABILITY

13. All covenants and agreements contained herein are severable, and in the event of any being held invalid by a court of competent jurisdiction, this Agreement shall remain intact except for the omission of the invalid portion. If the omission of the invalid portion should materially change the meaning and intent of the overall Agreement, a judge should interpret this Agreement to give such effect as most closely resembles the intended meaning and purpose of the subject Agreement.

## CHOICE OF LAW

14. Any dispute arising from this Agreement shall first be attempted to be resolved by amicable means between the parties. However, should such amicable resolution not be achieved, it is agreed that, notwithstanding conflict and choice of laws, such dispute shall be brought before a court of competent jurisdiction in Miami-Dade County, United States of America. It is agreed that the prevailing party in such a dispute shall be entitled to its reasonable attorney fees, costs and damages arising in connection with such dispute.

## FURTHER ASSURANCES

15. Each party agrees to execute all such further instruments and documents and to take all such further action as may be reasonably necessary to effect the terms and purposes of this Agreement.

**EXECUTION IN COUNTERPARTS**

16. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all such counterparts shall together constitute one agreement.

**SUCCESSORS AND ASSIGNS**

17. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns, Assignees, and sub-Assignees.

**ENTIRE AGREEMENT**

18. This Agreement contains the complete Agreement between the parties and supersedes all prior or contemporaneous agreements or understandings, written or unwritten. By signing this Agreement, both parties acknowledge that they have read this Agreement, understood its terms, and have voluntarily accepted its provisions.

**HEADINGS**

19. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**STATEMENT OF GOODWILL**

20. In this statement, the transferee will have the commercial goodwill of the transferor using the trademark. It also includes the commercial goodwill associated with and symbolically associated with any other trademark used in the business or the name or style on which the business is based.

**ASSIGNOR:**

Zhou, Xiang

**Hangzhou Yilin Technology Research Co., Ltd.**
**Zhou, Xiang**

**ASSIGNEE:**

Zhou Xiang

**Hangzhou Yisheng Technology Co., Ltd.**
**Zhou, Xiang**