**From:** Brandyberry, Jared
**To:** Ben Murong
**Cc:** Flynn, Kevin; Stambuk, Shaia
**Subject:** RE: Re:RE: Re:RE: Re:RE: Re:RE: Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause
**Date:** Friday, August 28, 2026 2:18:13 PM
**Attachments:** image001.png
image002.png
image003.png

---

Mr. Murong,

From your response, I understand that the parties unable to reach a resolution that eliminates the necessity for a hearing as you are claiming that you are not authorized to take any position on behalf of your client and its affiliates as to the merits or requested relief in our application.

Furthermore, I understand that you do not have an office within the U.S. District Court for the Central District of California for the practice of law, in which you are physically present on a regular basis to conduct business.

We will notify the court and file the application next week, again noticing the application for hearing on October 5.

Jared

**Jared Brandyberry**
Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

---

**From:** Ben Murong <benmurong@126.com>
**Sent:** Friday, August 28, 2026 11:56 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin <kflynn@bakerlaw.com>; Stambuk, Shaia <sstambuk@bakerlaw.com>
**Subject:** Re:RE: Re:RE: Re:RE: Re:RE: Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause

Dear Jared,

Thank you for your email. I would like to clarify the record concerning our Rule 7-3 meet-and-confer.

As I explained during the conference, I was originally retained by Hangzhou Yilin to prosecute its affirmative claims. My engagement did not include substantive representation concerning ZeroWater's counterclaims, and I did not receive substantive litigation instructions or authority from Hangzhou Yilin to defend those counterclaims. I recognize that I remain counsel of record unless and until the Court permits withdrawal.

I do not presently have substantive litigation instructions or authority from Hangzhou Yilin to take substantive positions or make factual admissions on its behalf. Nor do I have sufficient non-privileged information or personal knowledge to independently verify the factual allegations asserted by ZeroWater.

To be clear, during the conference I did not admit that Hangzhou Yilin intentionally violated or evaded the Court's injunction, that Hangzhou Yilin is currently violating the injunction, or that it has refused to satisfy the judgment. Nor did I admit that the entities referenced by ZeroWater are successors, assigns, affiliates, agents, or other persons or entities in active concert or participation with Hangzhou Yilin, or that those entities are controlled by Mr. Zhou.

I confirmed that I contacted **a former representative** of Hangzhou Yilin concerning ZeroWater's contemplated application. I did not characterize that individual as a **"formal representative,"** nor did I represent that the individual had been formally designated as Hangzhou Yilin's current authorized representative.

I also did not agree during the conference that I was obligated to identify that individual in response to an informal meet-and-confer inquiry. If ZeroWater seeks an order compelling disclosure, I will address that request through the appropriate procedure.

I further confirmed that I personally did not assist Hangzhou Yilin with its corporate dissolution or with any alleged transfer of corporate assets to the entities referenced during our discussion.

Nothing in my statements during the conference should be construed as an admission of the factual allegations underlying ZeroWater's contemplated application or as consent to the relief requested.

With respect to the proposed October 5 hearing, I am currently outside the United States and am presently unable to travel to the United States because my U.S. visa has expired. If the Court sets a hearing requiring my appearance, I will promptly seek permission to appear remotely and will comply with the Court's order regarding my appearance.

Best regards,
Xionghui Murong

At 2026-08-29 00:19:33, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

> Mr. Murong,
>
> You are counsel of record to Hangzhou for the entire action, including Zero's counterclaims that resulted a judgment awarding $6M in damages and a permanent injunction against "Hangzhou, its officers, agents, servants, employees, representatives, attorneys,
> their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Hangzhou who receive notice hereof, including but not limited to all subsidiaries,

affiliates, licensees, employees, or assigns of Hangzhou." Dkt. 52. You have not withdrawn as counsel of record. As our application makes clear (see Dkt. 53), your client, it's successors and assigns, employees, affiliates, and/or agents have violated and are currently violating the Court's injunction by selling the Recogwood and VIPhases filters.

You confirmed during our meet and confer that Hangzhou, via its formal representative, has been informed, by you, of the judgment, injunction, and our anticipated application to for an order to show cause. You refused to identify the identity of the "formal representative" with which you are communicating. The identity of that individual is not privileged. *See, e.g.*, *United States v. Horn (In re Horn)*, 976 F.2d 1314, 1317 (9th Cir.1992) ("[I] the identity of a client usually does not indicate the purpose for which legal advice was sought or reveal any subsequent confidential communications made during the course of the attorney-client relationship. Accordingly, the attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client.... [U]nprotected information does not become privileged merely because that information might provide evidence of a client's wrongdoing.") Accordingly, we are asking the Court to compel you to identify the formal representative and any other Hangzhou officers, employees, agents, or representatives with which you have communicated with regarding this action.

You also confirmed that you are refusing to provide any substantive information concerning your client's ongoing violation of the Court's injunction and ongoing refusal to satisfy the judgment against it.

We will notice the application for a hearing on October 5, 2026, please confirm that you will be in attendance, in-person, to answer any of the Court's questions regarding your client's conduct.

Jared

**Jared Brandyberry**
Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

---

**From:** Ben Murong <benmurong@126.com>
**Sent:** Friday, August 28, 2026 10:59 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin <kflynn@bakerlaw.com>; Stambuk, Shaia <sstambuk@bakerlaw.com>
**Subject:** Re:RE: Re:RE: Re:RE: Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause

Dear Jared,

Thank you for meeting and conferring with me today pursuant to Local Rule 7-3.

For clarity, as I explained during the conference, I was originally retained by Hangzhou Yilin to prosecute its affirmative claims. My engagement did not include substantive representation concerning ZeroWater's counterclaims, and I did not receive substantive litigation instructions or authority from Hangzhou Yilin to defend those counterclaims. I recognize that I remain counsel of record unless and until the Court permits withdrawal.

I do not presently have substantive litigation instructions or authority from Hangzhou Yilin to take substantive positions or make factual admissions on its behalf. Nor do I have sufficient non-privileged information or personal knowledge to independently verify or make the factual admissions asserted by ZeroWater.

During the conference, I did not admit that Hangzhou Yilin intentionally violated or evaded the Court's injunction, nor did I admit that the entities referenced by ZeroWater are affiliates or agents of Hangzhou Yilin or are controlled by Mr. Zhou.

I also confirmed that I personally did not assist Hangzhou Yilin with its corporate dissolution or with any alleged transfer of corporate assets to the entities referenced during our discussion.

I further confirmed that I contacted a former representative of Hangzhou Yilin in an effort to obtain instructions concerning ZeroWater's contemplated application.

Nothing in my statements during the conference should be construed as an admission of the factual allegations underlying ZeroWater's contemplated application or as consent to the relief requested.

Best regards,
Ben

At 2026-08-28 23:00:15, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

> Sure, if the Zoom will not work, please circulate link/conference line that will work for you that we can join.
>
> Jared
>
> **Jared Brandyberry**
> Partner
>
> 1801 California Street | Suite 4400
> Denver, CO 80202-2662
> T +1.303.764.4072
> jbrandyberry@bakerlaw.com
> bakerlaw.com
>
> ---
>
> **From:** Ben Murong <benmurong@126.com>
> **Sent:** Friday, August 28, 2026 9:59 AM
> **To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
> **Cc:** Flynn, Kevin <kflynn@bakerlaw.com>; Stambuk, Shaia <sstambuk@bakerlaw.com>
> **Subject:** Re:RE: Re:RE: Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order

to Show Cause

Thanks! I am working on the connection, please give me some time, say 10 more minutes ?

--
Ben Murong

At 2026-08-28 22:37:00, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

Mr. Murong,

I sent an updated invite with a Zoom link, which is provided below as well.

Let me know if this will work.

Join the Zoom meeting from your computer or Zoom mobile app:
https://bakerlaw.zoom.us/j/98173773412?pwd=eh7qiGPxaZ4Djn8ugDCEyDoYt0HKNO.1
If required to join the meeting manually:
Meeting ID: 981 7377 3412
Password: 9c+pE&JwjS

Jared

**Jared Brandyberry**
Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

**From:** Ben Murong <benmurong@126.com>
**Sent:** Friday, August 28, 2026 9:00 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin <kflynn@bakerlaw.com>
**Subject:** Re:RE: Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause

Thanks for the effort!

Zoom, I should be able to join a meeting, but I cannot install one.
Please send me the zoom link, I will try from my end.

--
Ben Murong

At 2026-08-28 21:53:13, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

Mr. Murong,

Will Zoom or WebEx work in China?

Jared

**Jared Brandyberry**
Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

**From:** Ben Murong <benmurong@126.com>
**Sent:** Friday, August 28, 2026 8:13 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin <kflynn@bakerlaw.com>
**Subject:** Re:RE: Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause

Dear Jared,

12pm ET/9am PT today (August 28) works for me. One issue: I'm currently in China, where Microsoft Teams is blocked. Are there any other conference tools that would work for both of us?

Thanks,
Ben Murong

At 2026-08-28 20:32:22, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

Mr. Murong,

It is unclear what time you are available as you state the times are in both Eastern Time and Pacific Time.

Are you available at 12pm ET/9am PT today (August 28)?

I will send an invite for the video conference for that time, please confirm your availability in

advance.

At the conference please be prepared to explain the following:

- Why "Hangzhou has been dissolved" given that it owes my client $6,013,909.98 under the Court's judgment?
    - Who assisted Hangzhou with its dissolution?
    - Who assisted Hangzhou with its transfer of assets to the newly operating Hangzhou entities (e.g., Hangzhou Yisheng Technology Co., Ltd.) selling the Recogwood and VIPhases filters in violation of the Court's injunction?
- The identity of the Hangzhou representative you contacted regarding the application for an order to show cause we intend to file.
- Whether you instructed that representative that Mr. Zhou and his Hangzhou entities should immediately cease selling the Recogwood and VIPhases filters?
- Xiang Zhou's location, assets, and knowledge of these proceedings.

Jared

**Jared Brandyberry**
Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

---

**From:** Ben Murong <benmurong@126.com>
**Sent:** Friday, August 28, 2026 6:21 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin <kflynn@bakerlaw.com>
**Subject:** Re:Hangzhou v. Zero - Meet and Confer re Application for Order to Show Cause

Dear Jared,

Thank you for your email.

I am available on August 28, at **11:00 a.m. or 12:00 a.m. Eastern Time** Pacific Time for a video conference to meet and confer regarding the application and requested relief. Please send me the conference link.

As I previously advised the Court, Hangzhou has been dissolved, and I do not presently have substantive litigation instructions or authority from Hangzhou to take a substantive position, negotiate litigation positions, stipulate to the requested relief, or make factual admissions on Hangzhou's behalf. I have attempted to contact Hangzhou's representative regarding this matter but have not received authorization

to take substantive action.

Nevertheless, as counsel of record, I am available to participate in the conference pursuant to Local Rule 7-3 and to hear and discuss the substance of ZeroWater's contemplated application and requested relief.

Best regards,
Ben Murong

At 2026-08-27 05:00:28, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

> Mr. Murong,
>
> You are still counsel of record for Hangzhou Yilin Technology Research Co., Ltd. in this action and have not withdrawn or complied with the Court's December 2, 2025 order requiring compliance with L.R. 83-2.2.2. in conjunction with your Motion to Withdraw as Counsel (see Dkt. No. 44).
>
> Accordingly, the Court has requested (see Dkt. No. 54) that we confer with you pursuant to Local Rule 7-3:
>
> > [C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.
>
> The grounds for our application for an order to show cause are explained in detail in the previously filed application (Dkt. No. 53). The application, memorandum in support, and proposed order are attached for your convenience.
>
> Please provide your availability tomorrow or Friday to meet via video conference to discuss the attached application, our requested relief, and your client's ongoing violation of the permanent injunction and failure to pay awarded damages to compensate my client for your client's infringement and violation of the Lanham Act.
>
> Best regards,
>
> Jared
>
> **Jared Brandyberry**

Partner

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072
jbrandyberry@bakerlaw.com
bakerlaw.com

---

**From:** Ben Murong <benmurong@126.com>
**Sent:** Sunday, January 4, 2026 6:38 AM
**To:** Brandyberry, Jared <jbrandyberry@bakerlaw.com>
**Cc:** Flynn, Kevin P. <kflynn@bakerlaw.com>
**Subject:** Re:Hangzhou v. Zero - Motion for Default Judgment

[External Email: Use caution when clicking on links or opening attachments.]

Jared,

I have not received any authorization to take substantive action on behalf of Hangzhou with respect to its claims or Zero's counterclaims since my prior submission.

Accordingly, my position remains the same as stated in Dkt. 42: I am not authorized to meet and confer or otherwise engage on the merits of Zero's anticipated motion for default judgment.

If and when my authorization status changes, I will advise promptly.

Best regards,
Ben

At 2026-01-01 00:34:56, "Brandyberry, Jared" <jbrandyberry@bakerlaw.com> wrote:

> Ben,
>
> As you are aware from the Court's last order, Zero will seek default judgment in this matter.
>
> Please advise whether you have complied with the attached order, specifically Local Rule 83-2.2.2.
>
> It is my understanding, as you stated in your submission on December 1, 2025 (Dkt. 42), that you do not have authorization to take any substantive action with respect

to Hangzhou's claim and Zero's counterclaims and therefore cannot meet and confer regarding Zero's planned motion for default judgment. Please advise whether that has changed.

Jared

**Jared Brandyberry**
Partner

BakerHostetler
1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4072

jbrandyberry@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.