BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HANGZHOU YILIN TECHNOLOGY RESEARCH CO., LTD.,

Plaintiff,

v.

ZERO TECHNOLOGIES, LLC and KATHI VIDAL, in her official capacity as Director of the United States Patent and Trademark Office,

Defendants.

Case No.: 2:25-cv-08717-PA-AJR

*Honorable Percy Anderson*

**[PROPOSED] ORDER TO SHOW CAUSE**

**DATE:** October 5, 2026
**TIME:** 1:30 P.M.
**LOCATION:** First Street U.S. Courthouse, Los Angeles Courtroom 9A, 9th Floor

*[Filed concurrently with Notice and Application for Order to Show Cause;Memorandum of Points and Authorities and Declaration of Jared A. Brandyberry]*

Having read and considered Defendant/Counterclaim Plaintiff Zero Technologies, LLC's ("ZeroWater") application for an order to show cause for why Plaintiff/Counterclaim Defendant Hangzhou Yilin Technology Research Co., Ltd. ("Hangzhou") or its representatives and those in active concert or participation with Hangzhou should not be held in contempt, and finding good cause therefore, the Court finds as follows:

1. This Court, on March 10, 2026 at Docket No. 52, issued a permanent injunction, providing in part that "Hangzhou, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Hangzhou who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of Hangzhou, are permanently enjoined from importing, offering for sale, or advertising in the United States water filters for use in Zero Technologies' ZEROWATER water pitchers with Zero Technologies' trade tress comprising a white outer shell; a tiered, tapered body of the white outer shell; a lighter blue O-ring or seal on the upper attachment portion of the filter; and a darker blue screw-cap."
2. Xiang Zhou and the person or persons behind the Amazon seller FunitricUUU were and are subject to the permanent injunction.
3. The water filters being sold under the Recogwood and VI Phases brands are highly similar and in some cases identical to the enjoined ZeroLiquid water filters.
4. Xiang Zhou controls or has substantial involvement with Hangzhou Yisheng Technology Co., Ltd., the company behind the VI Phases water filters.
5. The FunitricUUU seller controls or has substantial involvement with the water filters sold under the Recogwood brand.

6. Sales of water filters under the Recogwood brand are substantial, and sales of water filters under the Recogwood and VI Phases brands are therefore causing ZeroWater substantial, continued harm.

Therefore, IT IS HEREBY ORDERED that:

Hangzhou and its counsel of record are ordered to show cause why sales of water filters under the Recogwood and VI Phases brands do not constitute contempt of this Court's March 10, 2026 injunction, with sanctions including disgorgement of all sales related thereto to be determined. IT IS FURTHER ORDERED that Mr. Murong disclose the identity of every individual who he understood represented or was affiliated with Hangzou from the filing of this action through the present.

Dated: ____________________

______________________________
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

***Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC et al.***
**Case No. 2:25-cv-08717-PA-AJR**

I, Shaia A. Stambuk, declare:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 600 Anton Blvd., Suite 900, Costa Mesa, California 92626-7221, in said County and State. On September 4, 2026 I served the following:

**[PROPOSED] ORDER TO SHOW CAUSE**

☑ BY NOTICE OF ELECTRONIC FILING: Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

Xionghui Murong
ben.murong@glacier.law
**Glacier Law LLP**
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
***Attorney for Plaintiff Hangzhou Yilin Technology Research Co., Ltd.***

I declare under penalty of perjury under the laws of the State of California the above is true and correct.

Executed on September 4, 2026 at Costa Mesa, California.

*/s/ Shaia A. Stambuk*
Shaia A. Stambuk

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA