Xionghui Murong (SBN 326314)
Junci Law Firm,
Room 3704-3705, 37 Floor,
No. 2, 406 Huasui Road,
Tianhe District Guangzhou, CHINA
Phone: (626)3249375
Email: benmurong@126.com

Counsel of Record for Hangzhou Yilin Technology Research Co., Ltd.
(Plaintiff/Counterclaim Defendant).

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al.**

**Case No. 2:25-cv-08717-PA-AJR**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW

Hearing Date: October 19, 2026

Time: 1:30 p.m.

Courtroom: 9A

Judge: Hon. Percy Anderson

## I. INTRODUCTION

Counsel respectfully requests leave to withdraw as counsel of record for Hangzhou. The basis for withdrawal is longstanding: Counsel has been unable to obtain substantive litigation instructions and authority from Hangzhou Yilin Technology Research Co., Ltd. ("Hangzhou") sufficient to continue effective representation.

In December 2025, before the present post-judgment dispute arose, Counsel informed the Court that Hangzhou was not then able to provide substantive litigation instructions concerning either prosecution of its Complaint or defense of Zero Technologies' Counterclaim; that Counsel did not possess authority from Hangzhou to take substantive action on any claim or counterclaim; and that Counsel intended to file a motion to withdraw. Dkt. 42.

On December 2, 2025, the Court addressed that contemplated withdrawal and directed Counsel to give Hangzhou written notice of the rule prohibiting corporate self-representation and the consequences if withdrawal were granted. Dkt. 44. Counsel transmitted that written corporate-client notice on August 29, 2026.

This Motion therefore completes a withdrawal process disclosed to the Court in December 2025. It does not seek adjudication of any collateral post-judgment factual dispute.

## II. RELEVANT PROCEDURAL HISTORY

Hangzhou commenced this action in September 2025. Zero Technologies subsequently answered and asserted counterclaims against Hangzhou. See Dkt. 17.

By December 2025, Counsel lacked substantive litigation instructions and authority from Hangzhou sufficient to take substantive action. Dkt. 42 stated that Counsel did not then possess authority from Hangzhou to take substantive action on any claim or counterclaim. Counsel also informed the Court that, despite repeated efforts, he had not received further instructions and could not prosecute the Complaint or defend the Counterclaim without the required client authorization.

Dkt. 42 further stated that Counsel intended to file a motion to withdraw pursuant to Local Rule 83-2.3.2. The Court then issued Dkt. 44, requiring written notice to Hangzhou concerning its inability to appear pro se and the consequences of withdrawal.

Judgment and a Permanent Injunction were subsequently entered, followed by an Amended Judgment and Permanent Injunction on March 10, 2026. Dkt. 52. Post-judgment proceedings have since arisen. Counsel filed a Limited Opposition concerning Dkt. 55 on September 9, 2026. The inability to obtain substantive litigation instructions and authority sufficient to continue effective representation has persisted.

An official Chinese government corporate-registration report, together with a certified English translation, was filed with the Court in connection with Dkt. 56. The report lists Hangzhou's registration status as "deregistered," with an approval date of December 23, 2025. Counsel did not participate in or provide legal assistance in carrying out Hangzhou's deregistration. See Dkt. 56 and accompanying declaration/exhibit.

## III. LEGAL STANDARD

Local Rule 83-2.3.2 provides that an attorney may not withdraw except by leave of Court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and all other parties who have appeared and must be supported by good cause.

Local Rule 83-2.2.2 provides that a corporation or other organization may not appear in an action or proceeding unless represented by an attorney permitted to practice before this Court. Local Rule 83-2.3.4 further requires an attorney requesting leave to withdraw from an organization to give written notice to the organization of the consequences of its inability to appear pro se. California Rule of Professional Conduct 1.16(b)(4) permits withdrawal when a client, by other conduct, renders it unreasonably difficult for the lawyer to carry out the representation effectively; Rule 1.16(b)(10) separately permits withdrawal when counsel believes in good faith that the tribunal will find other good cause. Rule 1.16(c) requires tribunal permission where applicable, and Rule 1.16(d) requires reasonable steps to avoid reasonably foreseeable prejudice to the client.

The Ninth Circuit recognizes that withdrawal is governed by applicable standards of professional conduct and that counsel must take reasonable steps to protect the client, including providing notice and an opportunity to obtain other counsel. Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008).

Federal courts evaluating withdrawal commonly consider the reasons for withdrawal, prejudice to other litigants, harm to the administration of justice, and the degree of resulting delay. CE Resource, Inc. v. Magellan Group, LLC, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). CE Resource denied withdrawal where corporate counsel had not shown

efforts to protect the corporation from the consequences of becoming unrepresented. Id. That concern is addressed here by the written corporate notice required by Dkt. 44 and Local Rule 83-2.3.4.

A decision from this District provides a closer application of those principles to withdrawal from a corporate client. In United Fabrics International, Inc. v. Life N Style Fashions, Inc., No. 2:15-cv-05733-ODW, Dkt. 33 (C.D. Cal. Aug. 9, 2016), the court granted corporate counsel's motion to withdraw where the client had ceased providing information needed for the litigation, counsel had provided written notice of the intended withdrawal and the need to retain new counsel, and the court found that withdrawal would not unduly delay the action or prejudice the opposing party. The court permitted withdrawal while ordering the corporate client to obtain substitute counsel. Id.

Recent application of this District's rules likewise confirms the importance of written notice to a corporate client. In North Investment Limited Partnership v. Trinad Capital L.P., No. 2:25-cv-05553-ODW, Dkt. 50 (C.D. Cal. Nov. 19, 2025), the court denied withdrawal without prejudice where counsel had not established that the organizational clients received the written notice required by Local Rules 83-2.3.2 and 83-2.3.4. Here, Counsel provided the written corporate notice on August 29, 2026.

Counsel recognizes that he remains counsel of record and must comply with applicable Court requirements unless and until withdrawal is granted.

## IV. ARGUMENT

### A. Good Cause Exists Because Counsel Has Long Lacked Substantive Litigation Instructions and Authority.

The operative difficulty is not newly asserted. Counsel placed it before the Court in December 2025. Counsel informed the Court that he did not possess authority from Hangzhou to take substantive action on any claim or counterclaim and that further instructions had not been received despite repeated efforts. Although communications have occurred through channels previously used in connection with the representation, Counsel has not obtained substantive litigation instructions and authority sufficient to resume or continue effective substantive representation. That circumstance renders it unreasonably difficult for Counsel to carry out the representation effectively within the meaning of California Rule of Professional Conduct 1.16(b)(4), and it also supports a good-faith request for other good cause under Rule 1.16(b)(10).

The same underlying inability has persisted. Continued counsel-of-record status does not itself supply the substantive client instructions or authority necessary for effective representation. Counsel therefore respectfully submits that good cause exists for withdrawal, subject to the Court's permission and the client-protection measures described below.

Hangzhou's deregistered corporate status is an additional circumstance supporting withdrawal. The official corporate-registration report filed in connection with Dkt. 56 lists Hangzhou as "deregistered," with an approval date of December 23, 2025. Counsel does not contend that deregistration itself resolves any judgment, injunction, contempt, successor, affiliate, or other post-judgment issue. Rather, it is an objective additional circumstance that, together with the longstanding inability to obtain substantive litigation instructions and authority, further supports the conclusion that effective representation cannot reasonably continue.

**B. The Intended Withdrawal Predates the Present Post-Judgment Dispute.**

Dkt. 42 expressly stated in December 2025 that Counsel intended to file a motion to withdraw. The present request therefore does not originate from the recently initiated post-judgment dispute. Counsel is formally completing a withdrawal process previously disclosed to the Court and addressed in Dkt. 44.

**C. Counsel Has Complied With Dkt. 44's Written-Notice Requirement.**

On August 29, 2026, Counsel transmitted written notice concerning the intended withdrawal through a WeChat communication channel previously used in connection with the representation. The transmission included a Chinese-language explanation and an English Formal Notice to Corporate Client. The English notice advised Hangzhou that a corporation cannot appear pro se; that substitute counsel is required if Hangzhou intends to participate after withdrawal; and that failure to obtain substitute counsel may result in adverse consequences. Murong Decl. ¶¶ 14-18 & Exs. A-B.

**D. Withdrawal Does Not Alter Existing Orders or Decide Post-Judgment Merits.**

This Motion does not request modification or vacatur of the existing judgment or injunction. Nor does it ask the Court to decide allegations concerning contempt, affiliates, successors, assigns, agents, active concert or participation, assets, or other collateral post-judgment issues. Those matters are outside the limited relief sought here.

**E. Withdrawal Need Not Cause Unnecessary Delay.**

Counsel has given the corporate client written notice and completed the required Local Rule 7-3 conference. The reasons for withdrawal were disclosed

to the Court in December 2025, and the present request does not seek a stay, vacatur, or adjudication of the pending post-judgment issues. Counsel respectfully requests that the Court set any reasonable deadline it deems appropriate for substitute counsel. These circumstances permit the Court to protect Hangzhou's opportunity to obtain substitute counsel while minimizing prejudice, disruption to the administration of justice, and delay. See CE Resource, 2009 WL 3367489, at *2; United Fabrics, No. 2:15-cv-05733-ODW, Dkt. 33.

**F. Zero Technologies' Opposition Does Not Eliminate the Good Cause for Withdrawal.**

At the September 9, 2026 Local Rule 7-3 conference, Zero Technologies maintained its opposition to withdrawal. Among other things, Zero Technologies asserted that withdrawal would leave Hangzhou without substitute counsel or a corporate representative appearing in this matter; that Counsel should identify a client contact and should have taken steps to secure compliance with the injunction; and that Hangzhou has allegedly continued to violate the injunction and has not satisfied the judgment. Counsel disputes the characterizations of his conduct and does not seek through this Motion adjudication of the underlying contempt or enforcement allegations. The absence of substitute counsel does not supply Counsel with substantive client instructions or authority that he does not possess. Nor does continued counsel-of-record status cure the longstanding inability to obtain the authorization necessary for effective substantive representation. The Court can address any reasonable transition period or deadline for substitute counsel while granting withdrawal.

**V. CONCLUSION**

Counsel respectfully requests that the Court grant leave to withdraw as counsel of record for Hangzhou; advise Hangzhou that it may not appear pro se; set such reasonable deadline for substitute counsel as the Court deems appropriate; and grant such other relief as the Court deems appropriate.

Dated: Sep. 16, 2026

/s/ Xionghui Murong
XIONGHUI MURONG
Counsel of Record for Hangzhou Yilin Technology Research Co., Ltd.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Hangzhou Yilin Technology Research Co., Ltd., certifies that this memorandum contains 1848 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 16, 2026

/s/ Xionghui Murong

XIONGHUI MURONG