Xionghui Murong (SBN 326314)
Junci Law Firm,
Room 3704-3705, 37 Floor,
No. 2, 406 Huasui Road,
Tianhe District Guangzhou, CHINA
Phone: (626)3249375
Email: benmurong@126.com

Counsel of Record for Hangzhou Yilin Technology Research Co., Ltd. (Plaintiff/Counterclaim Defendant).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al.**
**Case No. 2:25-cv-08717-PA-AJR**

**DECLARATION OF XIONGHUI MURONG IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW**

Hearing Date: October 19, 2026

Time: 1:30 p.m.

Courtroom: 9A

Judge: Hon. Percy Anderson

## DECLARATION OF XIONGHUI MURONG

I, Xionghui Murong, declare:

1. I am counsel of record for Hangzhou Yilin Technology Research Co., Ltd. ("Hangzhou") in this action. I have personal knowledge of the matters stated herein and could competently testify to them.

2. Hangzhou commenced this action in September 2025. Zero Technologies subsequently asserted counterclaims against Hangzhou.

3. By December 2025, I did not possess substantive litigation instructions and authority from Hangzhou sufficient to take substantive action concerning the claims or counterclaims.

4. In December 2025, I filed Plaintiff's Response to Order to Show Cause, Dkt. 42.

5. In Dkt. 42, I informed the Court that Hangzhou was not then able to provide substantive litigation instructions regarding either prosecution of its Complaint or defense of Defendant's Counterclaim.

6. I further informed the Court that I did not then possess authority from Hangzhou to take substantive action on any claim or counterclaim and that, despite repeated efforts, I had not received further instructions.

7. Dkt. 42 also stated that, in light of the lack of litigation authorization, I intended to file a motion to withdraw pursuant to Local Rule 83-2.3.2.

8. On December 2, 2025, the Court issued Dkt. 44, which directed me, before filing a withdrawal motion, to provide Hangzhou written notice concerning Local Rule 83-2.2.2 and the consequences if withdrawal were granted.

9. The inability to obtain substantive litigation instructions and authority from Hangzhou sufficient to continue effective representation has persisted.

10. Although communications have occurred through channels previously used in connection with the representation, I have not obtained substantive litigation instructions and authority from Hangzhou sufficient to resume or continue effective substantive representation.

11. I subsequently obtained an official Chinese government corporate-registration report concerning Hangzhou. The report lists Hangzhou's registration status as "deregistered" and lists an approval date of December 23, 2025. A copy of the report, together with a certified English translation, was filed with the Court in connection with Dkt. 56.

12. I did not participate in or provide legal assistance in carrying out Hangzhou's deregistration.

13. I recognize that I remain counsel of record for Hangzhou unless and until the Court grants leave to withdraw.

14. On August 29, 2026, I transmitted written notice concerning my intended motion to withdraw through a WeChat communication channel previously used in connection with my representation of Hangzhou.

15. The transmission included a Chinese-language explanation and an English Formal Notice to Corporate Client.

16. The English notice advised Hangzhou that a corporation cannot appear pro se in this Court and must appear through an attorney permitted to practice before the Court.

17. The notice further advised that, if withdrawal is granted and Hangzhou intends to participate further, Hangzhou must obtain substitute counsel, and that failure to do so may result in adverse consequences.

18. True and correct copies of the documents transmitted on August 29, 2026 are attached as Exhibit A. A true and correct copy of the WeChat transmission record reflecting that transmission is attached as Exhibit B.

19. My inability to obtain substantive litigation instructions and authority predates the present post-judgment proceedings. I disclosed the lack of substantive litigation authority and my intended withdrawal to the Court in December 2025.

20. On September 9, 2026, pursuant to Local Rule 7-3, I met and conferred by videoconference with Jared A. Brandyberry, counsel for Zero Technologies, concerning this contemplated Motion.

21. I stated that the Motion is based on the longstanding inability to obtain substantive litigation instructions and authority from Hangzhou sufficient to continue effective representation and on the representation history reflected in Dkts. 42 and 44.

22. Zero Technologies stated that it opposes the contemplated withdrawal. At the conference, Zero Technologies maintained, among other things, that withdrawal would leave Hangzhou without substitute counsel or a corporate representative appearing in this matter; that I should identify a client contact and should have taken steps to secure compliance with the injunction; and that Hangzhou has allegedly continued to violate the injunction and has not satisfied the judgment. I did not agree with the factual characterizations concerning my conduct and maintained that the longstanding inability to obtain substantive litigation instructions and authority supports withdrawal.

23. The conference did not eliminate the need for this Motion.

24. I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in the Motion, and attempted in good faith to resolve the Motion in whole or in part.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Sep. 16, 2026

/s/ Xionghui Murong
XIONGHUI MURONG
Counsel of Record for Hangzhou Yilin Technology Research Co., Ltd.