Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone: 714.754.6600
Facsimile: 714.754.6611

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805

[*COMPLETE LIST OF COUNSEL OF RECORD IN SIGNATURE BLOCK*]

*Attorneys for Defendant*
Zero Technologies, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HANGZHOU YILIN TECHNOLOGY RESEARCH CO., LTD.,

Plaintiff,

v.

ZERO TECHNOLOGIES, LLC and KATHI VIDAL, in her official capacity as Director of the United States Patent and Trademark Office,

Defendants.

Case No.: 2:25-cv-08717-PA-AJR

*Honorable Percy Anderson*

**DEFENDANT ZERO TECHNOLOGIES, LLC'S OPPOSITION TO MR. MURONG'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

**Date:** October 19, 2026
**Time:** 1:30 p.m.
**Location:** First Street U.S. Courthouse, Los Angeles
Courtroom 9A, 9th Floor

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .................................................................... 1

II. THE COURT SHOULD DENY THE MOTION TO WITHDRAW ... 2

A. The Rules of Professional Conduct, Local Rules, and Caselaw Fail to Support Mr. Murong's Motion to Withdraw. ... 2

B. Good Cause Does Not Exist Because Allowing Mr. Murong to Withdraw Would Harm the Administration of Justice and Unfairly Prejudice ZeroWater. ................................................ 6

C. Mr. Murong's Motion Raises More Questions than It Answers. ........................................................................ 7

III. CONCLUSION ..................................................................... 8


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*CE Resource, Inc. v. Magellan Grp., LLC*,
No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489 (E.D. Cal. Oct. 14, 2009) ........ 5, 6

*Nehad v. Mukasey*,
535 F.3d 962 (9th Cir. 2008) ........ 5

*Union Paving Co. v. Downer Corp.*,
276 F.2d 468 (9th Cir. 1960) ........ 3

*United Fabrics Int'l, Inv. V. Life N Style Fashions Inc.*,
No. 2:15-cv-05733-ODW (E), 2016 WL 4208425 (C.D. Cal. Aug. 9, 2016) ........ 6

**Court Rules**

Cal. R. Prof. Conduct 1.2 ........ 3, 7

Cal. R. Prof. Conduct 1.2(a) ........ 2

Cal. R. Prof. Conduct 1.2(b) ........ 3

Cal. R. Prof. Conduct 1.16 ........ 4

Cal. R. Prof. Conduct 1.16(b) ........ 4

Cal. R. Prof. Conduct 1.16(b)(2) ........ 4

Cal. R. Prof. Conduct 1.16(b)(4) ........ 4

Cal. R. Prof. Conduct 1.16(b)(10) ........ 4

Fed. R. Civ. P. 13(a) ........ 3

L.R. 83-2.2.2 ........ 4, 5

L.R. 83-2.3 ........ 5

L.R. 83-2.3.2 ........ 5

L.R. 83.2.3.4 ........ 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## I. INTRODUCTION

The Court should deny Mr. Murong's request to withdraw as counsel of record because allowing Mr. Murong to withdraw would sever the only connection between this Court and persons who operated Hangzhou and continue to violate this Court's injunction.

Hangzhou initiated this action when it sued ZeroWater. Mr. Murong filed the complaint naming ZeroWater as a defendant. ZeroWater, seeking to stop Hangzhou's blatant attempts to confuse consumers seeking replacement water filters for ZeroWater's pitchers and recover damages for the considerable harms already caused, brought counterclaims. Shortly after it became clear ZeroWater was going to hold Hangzhou accountable for deliberately confusing ZeroWater's customers, Mr. Murong began claiming Hangzhou was "unable to continue participating in the litigation." *See, e.g.,* Dkt. 42 at 2. When Mr. Murong first told the Court that Hangzhou was "unable" to litigate on December 1, 2025, Mr. Murong never provided a reason for Hangzhou's inability to litigate or, that by December 1, 2025, Hangzhou was in the process of dissolving or deregistering itself as a corporate entity, a process Mr. Murong now confirms was finalized just weeks later, on December 23, 2025. Dkt. 57-1 at 3; Dkt. 57-2 ¶ 11. While Mr. Murong represents he "did not participate in or provide legal assistance in carrying out Hangzhou's deregistration," he never represents he did not know Hangzhou was attempting to deregister its corporate status to avoid ZeroWater's counterclaims. *See* Dkt. 57-1 at 3.

Hangzhou was based in China. The people behind Hangzhou are, on information and belief, based in China. In its Application for an Order to Show Cause, ZeroWater demonstrated that Hangzhou's representatives, or those in active concert or participation with Hangzhou, shifted assets, changed Chinese corporate structures, and continued to import and sell infringing water filters in violation of this Court's injunction. Dkt. 55-1. Serving a new entity in China, even if theoretically possible, would take months and allow for a new corporate entity to be established.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Hangzhou, through Mr. Murong, invoked this Court's jurisdiction, voluntarily starting a process which led to a monetary judgment against it of more than $6 million and an injunction prohibiting "Hangzhou, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Hangzhou" from importing and selling infringing water filters in the United States. Am. J. and Permanent Inj., Dkt. 52, ¶ 4. Mr. Murong confirms he remains in communication with the people behind Hangzhou. Dkt. 57-1 at 6 ("Although communications have occurred through channels previously used in connection with the representation, Counsel has not obtained substantive litigation instructions . . .). Mr. Murong is and remains the ***only*** communications link this Court has to the individuals subject to the injunction. The interests of justice weigh heavily in favor of denying Mr. Murong's request to withdraw as counsel.

ZeroWater opposes Mr. Murong's motion and respectfully requests that the Court deny it.

## II. THE COURT SHOULD DENY THE MOTION TO WITHDRAW

### A. The Rules of Professional Conduct, Local Rules, and Caselaw Fail to Support Mr. Murong's Motion to Withdraw.

#### 1. <u>The Rules of Professional Conduct Fail to Support Mr. Murong's Motion to Withdraw.</u>

The Rules of Professional Conduct do not support the merits of Mr. Murong's motion to withdraw. Mr. Murong never argues his representation of Hangzhou was limited in scope or describes why any such limitation was reasonable. Hangzhou hired Mr. Murong to file a lawsuit against ZeroWater. Once he was hired to file a lawsuit, Mr. Murong had authorization to prosecute the lawsuit. Cal. R. Prof. Conduct 1.2(a) ("[A] lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation."). And although lawyers can limit the scope of their representation, a limitation of scope must be "reasonable





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

under the circumstances." Cal. R. Prof. Conduct 1.2(b). Mr. Murong never demonstrated he attempted to establish a limited-scope representation of Hangzhou. But even if he attempted to limit the scope of his representation, a limitation which would preclude advancing a lawsuit the lawyer filed is unreasonable. No extenuating circumstances change this conclusion. For example, although ZeroWater counterclaimed, the counterclaims were foreseeable. This action began as an appeal of the Trademark Trial and Appeal Board's decision to cancel the ZeroLiquid trademark for water filters and related goods because consumers would likely be confused as to the source of those goods given ZeroWater's established use of the ZeroWater mark to sell water filters and related goods. *See* Dkt. 55-1 at 2, Exhibit 3. Hangzhou knew ZeroWater's position: that Hangzhou's use of the ZeroLiquid mark on water filters would likely confuse consumers. ZeroWater's trade dress counterclaims are predicated on a likelihood of consumer confusion. Therefore, when Hangzhou sued ZeroWater when it filed its complaint, a reasonable lawyer would foresee that ZeroWater would bring the counterclaims it had. Fed. R. Civ. P. 13(a). Indeed, had ZeroWater failed to counterclaim, it might be "precluded by res judicata from ever suing upon them again." *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).

Mr. Murong's sudden claims of lacking authorization to proceed with the lawsuit he filed run counter to Rule 1.2. Absent a limitation on the representation (which if existed would be unreasonable under the circumstances), Mr. Murong had authorization to advance the lawsuit because such authorization was implicit in the authorization to file the lawsuit. Mr. Murong's claims that he did not have "instructions and authority from Hangzhou sufficient to take substantive action concerning the claims or counterclaims" reflects a misunderstanding of the Rules. *See* Dkt. 57-2 ¶ 3. To be clear, although Mr. Murong claims to have lacked specific instructions to continue pursuing the claims he filed, he never claims that Hangzhou specifically instructed him to stop pursuing the claims and seek dismissal of the



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

lawsuit, that Hangzhou refused to compensate him, or that the scope of his representation was limited. Mr. Murong similarly does not say he was completely out of contact with Hangzhou's representatives; in fact, he confirms the opposite. *Id*. ¶ 10 ("Although communications have occurred through channels previously used in connection with the representation, I have not obtained substantive litigation instructions and authority from Hangzhou sufficient to resume or continue effective substantive representation."). Mr. Murong's claims of lacking authority to prosecute the claims he filed find no support in the Rules of Professional Conduct.

Further, Mr. Murong's citation of Rule 1.16 does not favor his withdrawal. Rule 1.16(b) outlines permissive-withdrawal situations, such as where the client seeks to pursue criminal or fraudulent conduct through a lawyer. *See, e.g.,* Cal. R. Prof. Conduct 1.16(b)(2). Mr. Murong relies on Rule 1.16(b)(4), which permits withdrawal when the client's "other conduct" (that is, conduct other than that which amounts to crime, fraud, or the insistence on a frivolous or bad-faith litigation claim) renders it unreasonably difficult for the lawyer to represent the client. Here, however, Mr. Murong had authority to prosecute the lawsuit he filed and remained in contact with his client's representatives. Mr. Murong has failed to describe how his client's "other conduct" prevented his ability to represent his client. He provides concrete evidence of why he lacked authority (such as communications from he client), and he remains in contact with his client's representatives. Rule 1.16(b)(4) does not apply here. Nor does Rule 1.16(b)(10), which permits withdrawal if for "other good cause." For the same reasons, Mr. Murong failed to demonstrate good cause. Rule 1.16(b)(10) similarly does not apply here.

2. <u>The Local Rules Fail to Support Mr. Murong's Motion to Withdraw.</u>

The Local Rules similarly fail to support Mr. Murong's motion. L.R. 83-2.2.2 requires a non-human entity like Hangzhou to have attorney representation. Permitting Mr. Murong to withdraw would place Hangzhou in a situation prohibited



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

by L.R. 83-2.2.2.

L.R. 83-2.3 is titled "Withdrawal and Substitution of Attorneys." L.R. 83-2.3.2 prohibits withdrawal unless the Court grants leave to withdraw and requires a motion to withdraw to be supported by good cause. It does not permit withdrawal simply because an attorney provided notice about the consequences of withdrawal. Consistently, L.R. 83.2.3.4 provides for notice as a necessary condition of seeking leave to withdraw as counsel for an organization, but it does not absolve the lawyer from establishing good cause. And as discussed in Section II.A.1., Mr. Murong failed to establish good cause.

3. Caselaw Fails to Support Mr. Murong's Motion to Withdraw.

The caselaw on which Mr. Murong relies fails to support his motion to withdraw. Mr. Murong cites *Nehad v. Mukasey*, which is readily distinguished. *Nehad* involved an Afghani alien facing deportation, where the alien (the represented client) alleged his attorney was ineffective such that due process was deprived. *Nehad v. Mukasey*, 535 F.3d 962, 968 (9th Cir. 2008). The Ninth Circuit discussed whether the attorney's personal situation precluded vigorous representation, triggering a duty to inform the client and the immigration court of a need to withdraw. *Id*. at 970. The case is unlike the situation here, where Mr. Murong failed to demonstrate good cause to withdraw yet seeks permission to withdraw, which would leave an entity-litigant unrepresented.

Mr. Murong cites *CE Resource v. Magellan* for factors courts considered under the former Rules of Professional Conduct. *See CE Resource, Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting factors including the reasons for seeking to withdraw, the prejudice withdrawal would cause other litigants, the harm withdrawal would cause to the administration of justice, and the degree of delay withdrawal would cause). The court in *CE Resource* noted "the court's ruling [on an attorney withdrawal] must involve a balancing of the equities." *Id*. When the court recognized that, despite affirmative

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

proof of client consent, granting the attorney's requested withdrawal would place the corporate client "in immediate violation of local rules as they would no longer have counsel to represent them," the court concluded it "cannot grant the Motion to Withdraw." *Id*. *CE Resource* is factually similar to the case here (although here there is no affirmative proof Mr. Murong's clients consent to withdrawal), and applying its reasoning here leads to denial of Mr. Murong's motion to withdraw.

Mr. Murong relies on two other decisions where he highlights the importance of providing written notice explaining the consequences of withdrawal to corporate clients. Dkt. 57-1 at 5. However, as discussed in Section II.A.2., providing the prerequisite written notice does not excuse Mr. Murong from establishing good cause, which he has failed to do. Indeed, in *United Fabrics Int'l*, the court relied on both counsel demonstrating good cause and the motion to withdraw was unopposed, which provide distinctions from this case. *See United Fabrics Int'l, Inv. V. Life N Style Fashions Inc.*, No. 2:15-cv-05733-ODW (E), 2016 WL 4208425, at *2 (C.D. Cal. Aug. 9, 2016). Mr. Murong cites *North Investment Limited Partnership*, a case where the court denied a motion to withdraw, consistent with the discussion of the Local Rules above. No decision cited by Mr. Murong holds that providing a required notice to a corporate client absolves the lawyer seeking to withdraw from establishing good cause for withdrawal.

**B. Good Cause Does Not Exist Because Allowing Mr. Murong to Withdraw Would Harm the Administration of Justice and Unfairly Prejudice ZeroWater.**

Hangzhou was based in China. The people behind Hangzhou are, on information and belief, based in China. And although Mr. Murong is also now in China without any apparent ability to travel to the United States, he has a license to practice law in California and is an officer of California courts. Mr. Murong also volunteers that he remains in contact with representatives of Hangzhou. Dkt. 57-2 ¶ 10. Mr. Murong, therefore, remains a connection between this Court and Hangzhou

or its representatives who continue violating the injunction.

Permitting Mr. Murong to withdraw would sever that only connection, leaving the Court and ZeroWater without recourse or any ability to contact the representatives of Hangzhou. Perhaps that is Hangzhou's and its representatives' desired outcome. Indeed, Mr. Murong never indicated he did not know Hangzhou was in the process of deregistering its corporate status, never indicated he was not being paid for his work, admitted he remains in contact with Hangzhou's representatives, and never represents Hangzhou or its representatives terminated the attorney-client relationship. The Court issued an injunction and should deny Mr. Murong's motion to preserve the only connection to the contemnors.

For the same reasons, and to preserve the possibility to enforcing the Court's injunction against the continued infringing conduct amounting to contempt, ZeroWater would be severely prejudiced if the Court allows Mr. Murong to withdraw.

Mr. Murong attempts to establish good cause by falling back on his repeated statements that, at some point before December 2025, he stopped receiving instructions and authority to litigate. But as discussed earlier, Mr. Murong had the authority to continue to litigate this case under Rule 1.2. Mr. Murong never indicated he received affirmative instructions to cease his participation in the litigation. Absent his client revoking authority to continue his representation, Mr. Murong retained implicit authority to prosecute the case he filed. Mr. Murong's statements that he stopped receiving authority to continue litigating misreads the Rules of Professional Conduct. If authority was revoked, Mr. Murong has not demonstrated it. Mr. Murong, therefore, has not established good cause necessary to withdraw as counsel.

**C. Mr. Murong's Motion Raises More Questions than It Answers.**

The content and circumstances surrounding Mr. Murong's motion to withdraw raises questions which remain unanswered. Should the Court find Mr. Murong's motion even minimally persuasive, it should ask the following questions raised by





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Mr. Murong's motion:

- Why did Mr. Murong wait about nine months from the Court's initial suggestion to provide Hangzhou's representatives the explanation of the consequences of withdrawing as counsel?
- How did Mr. Murong have the authorization to file this action in the first place?
- When, and exactly how, did Mr. Murong come to believe he lacked the authority to continue litigating the case?
- Did Mr. Murong attempt to establish a limited-scope representation?
- If Mr. Murong attempted to establish a limited-scope representation, what were the limitations and were they reasonable under the circumstances?
- When did Mr. Murong first know that Hangzhou was in the process of deregistering itself as a corporate entity?
- Who are Hangzhou's representatives?

In light of Mr. Murong's confusing representations concerning the timeline of this case, his ability to prosecute it, and his admitted maintained communications with Hangzhou's representatives, ZeroWater requests that the Court order Mr. Murong to divulge all known Hangzhou representatives (which is not privileged), any engagement, and all non-strategy communications concerning this action. Mr. Murong should also divulge any communications with Hangzhou or its representatives related to the deregistration of Hangzhou.

## III. CONCLUSION

Because allowing Mr. Murong to withdraw would harm the administration of justice and unfairly prejudice ZeroWater, and in light of Mr. Murong's failure to establish good cause to withdrawal, the Court should deny the motion.

Dated: September 24, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Jared A. Brandyberry*

Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone: 714.754.6600

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805

John S. Letchinger (*pro hac vice*)
jletchinger@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: 312.416.6200
Facsimile: 312.416.6201

Kevin P. Flynn (*pro hac vice*)
kflynn@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: 513.929.3400
Facsimile: 513.929.0303

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for ZeroWater, certifies that this brief contains 2,481 words, which complies with the word limit of L.R. 11-6.1, and further certifies that this brief is within the 25-page limit set by Judge Anderson.

Dated: September 24, 2026

*/s/ Jared A. Brandyberry*

Jared A. Brandyberry (*pro hac vice*)
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662

## CERTIFICATE OF SERVICE

***Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC et al.***
**Case No. 2:25-cv-08717-PA-AJR**

I, Shaia A. Stambuk, declare:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 600 Anton Blvd., Suite 900, Costa Mesa, California 92626-7221, in said County and State. On September 24, 2026, I served the following:

**DEFENDANT ZERO TECHNOLOGIES, LLC'S OPPOSITION TO MR. MURONG'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

☑ BY NOTICE OF ELECTRONIC FILING: Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

Xionghui Murong
ben.murong@glacier.law
**Glacier Law LLP**
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
***Attorney for Plaintiff Hangzhou Yilin Technology Research Co., Ltd.***

I declare under penalty of perjury under the laws of the State of California the above is true and correct.

Executed on September 24, 2026, at Costa Mesa, California.

*/s/ Shaia A. Stambuk*
Shaia A. Stambuk