UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-8717 PA (AJRx) | Date | November 24, 2026 |
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

On September 29, 2026, the Court granted an Application for Order to Show Cause (the "Application") filed by defendant and counterclaimant Zero Technologies, LLC ("Defendant" or "Zero Technologies"). As a result of having granted the Application, the Court issued an Order to Show Cause why plaintiff and counterdefendant Hangzhou Yilin Technology Research Co., Ltd. ("Plaintiff" or "Hangzhou"), its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Hangzhou who received notice of the March 10, 2026 Permanent Injunction, to show cause in writing why the sales of the water filters under the Recogwood and VI Phases brands do not constitute contempt of this Court's March 10, 2026 Permanent Injunction, and why they should not be ordered to disgorge their profits from any infringing sales.

The Court ordered that any response to this Order to Show Cause shall be filed by no later than November 9, 2026. Hangzhou did not file a Response, but third parties Hangzhou Zewo Trading Co., Ltd. ("Zewo") and Hangzhou Yisheng Technology Co., Ltd. ("Yisheng") filed Responses (Docket No. 70) in which they seek to discharge the Order to Show Cause as to them and clarification that the Amended Permanent Injunction does not apply to them. The Court provided Zero Technologies with an opportunity to respond to the Response filed by Zewo and Yisheng. The Court has reviewed that response.

The Court issued a Permanent Injunction on January 29, 2026, and amended it on March 10, 2026. The amended Permanent Injunction provided:

> Hangzhou, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Hangzhou who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of Hangzhou, are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-8717 PA (AJRx) | Date | November 24, 2026 |
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

> permanently enjoined from importing, offering for sale, or advertising in the United States water filters for use in Zero Technologies' ZEROWATER water pitchers with Zero Technologies' trade tress comprising a white outer shell; a tiered, tapered body of the white outer shell; a lighter blue O-ring or seal on the upper attachment portion of the filter; and a darker blue screw-cap.

According to Zero Technologies' Application, water filters continue to be offered for sale on Amazon's website by sellers affiliated with Hangzhou. Hangzhou itself was "deregistered" as a corporation in China effective on December 23, 2025, after the Court entered Hangzhou's default but before it issued the original Permanent Injunction. Specifically, Zero Technologies claims that Xiang Zhou, who had represented himself as the General Manager of Hangzhou, and is enjoined as one of Hangzhou's "officers, agents, servants, employees, [or] representatives," is affiliated with FunitricUUU, VI Phases, and Recogwood, which have sold infringing water filters on Amazon since the Court issued the Amended Permanent Injunction on March 10, 2026.

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). Additionally, as the Amended Permanent Injunction provides, it only applies to those who received notice of the injunction, which is consistent with Federal Rule of Civil Procedure 65(d)(2), which states that an order granting injunctive relief "binds only [specified persons] who receive actual notice of it by personal service or otherwise."

Zero Technologies' Application does not provide any evidence that it provided actual notice of the Amended Permanent Injunction it seeks to enforce through contempt on any of the parties it accuses of violating the Amended Permanent Injunction before filing the Application. Although the Application includes evidence that Xiang Zhou served as an officer of both Hangzhou and Yisheng, that evidence is dated October 22, 2025, which was before Hangzhou's default was entered in this action on November 10, 2025, and before the Court issued the Amended Permanent Injunction. Declarations filed in support of the Response filed by Zewo and Yisheng state that those entities only became aware of the Amended Permanent Injunction "recently" and "in the latter part of 2026" when listings on Amazon were removed as a result of actions undertaken by Zero Technologies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-8717 PA (AJRx) | Date | November 24, 2026 |
| Title | Hangzhou Yilin Technology Research Co., Ltd. v. Zero Technologies, LLC, et al. | | |

Because Zero Technologies has not established that any of the entities and individuals it seeks to have the Court find in contempt for violating the Amended Permanent Injunction received actual notice of the Amended Permanent Injunction through personal service or otherwise, it has not met its burden by clear and convincing evidence that an enjoined party with notice violated the Amended Permanent Injunction as a result of the sales of which Zero Technologies complained in the Application. The Court therefore discharges the Order to Show Cause.

Although Zewo and Yisheng's Response seeks a clarification that the Amended Permanent Injunction does not apply to them, they did so through a Response to the Order to Show Cause, rather than through a properly-noticed motion. Similarly, the Response filed by Zero Technologies seeks leave to file a Motion to for Leave to File Amended Counterclaim pursuant to Federal Rule of Civil Procedure 13(h) against Zewo and Yisheng. Neither of these requests are properly before the Court. See Local Rule 6-1 (requiring that "every motion shall be presented by written notice of motion"). The Court therefore declines to address the parties' requests for alternative or additional relief

For all of the foregoing reasons, the Court discharges its September 29, 2026 Order to Show Cause.

IT IS SO ORDERED.